Good morning, Your Honors. Isaac Shaput, on behalf of Jason Harmon, I'd like to reserve two minutes for rebuttal. This Court should reverse the District Court's grant of summary judgment in favor of Appley's, Bridgeforth's, Lewandowski's, and Rosales'. The purpose of PLRA exhaustion is to provide prison officials a fair opportunity to correct their own errors and to create an administrative record before initiating litigation. And that is exactly what happened as to Appley-Bridgeforth. And the Court should reverse as to Bridgeforth for two independent reasons. First, the Court below held that administrative remedies were unavailable as to Grievance 0896 because it was not timely processed. The exhaustion analysis should have ended there. But the Court also went on to err in finding that Mix Harmon failed to exhaust based on the Department's procedural requirement that whether a claim is exhausted is based on the prison's procedural requirements. Yes, Your Honor, that's correct. And so these requirements had the traditional three steps of the process, but also required that there be some explanation of the claim. And here I think that is that some unnamed employees were not adequately protecting the petitioner. But the requirements also are that the employees who are involved be identified. And when I read floor staff, which is the only identifying information, it could be singular, it could be plural, there's nothing else beyond that. To me, it's the same as if you said employees, prison employees, any kind of generic description. There's absolutely no identification of any individual or any basis for the prison to determine that because there's no identification of gender, race, physical description, shift at issue, even a dated issue, none of those things. So how is an allegation that floor staff didn't protect me any different from an allegation that prison employees didn't protect me? Well, so first, Your Honor, this Court has held that the prison officials must either enforce the procedural requirement or decide grievances on the merits. And so because the prison here went on to decide the grievance on the merits, instead of enforcing the procedural rule and saying you need to provide additional explanation, the prison has made its choice and the PRA purposes it to. And your reference to the, and the numbers confuse me here, but the second, the second grievance, the one that was turned down because the officers or the officials involved weren't identified, I take it is to show that if the prison wanted to enforce that, that procedural requirement it could have. So... Right. So with respect to the, and the number, I put the numbers aside for him, but this is the one that deals with Lewandowski. As to that one, the prison turns it down at the second stage saying you've got to provide more information about the names of the people. Yes. So they, but they didn't do that with respect to the grievance against Bridgeforth. That's correct, Your Honor. But now my question is, and I think, I think you make a good point there. What is, is the exhaustion requirement here meant to protect the prison officials or Bridgeforth in particular? In other words, even though they process the whole grievance, and I don't think the district judge disputes that here, Bridgeforth claim, put aside for a second the other facts of the case. If Bridgeforth had no notice that she was the subject of the grievance, would that matter? The fact that Bridgeforth was aware that she was the subject of the grievance... I know, but put that aside for a second, I ask. Certainly. Because I understand there may be a factual dispute about whether she in fact knew she was the subject of the grievance. So, but I'm trying to look at this from two perspectives. One is the PLRA requires that you go through all the procedures and exhaust. And that didn't happen, by the way, in Fort Lee. It failed at the second, all the, they weren't all exhausted. But in this case, the district judge says, you went through all the procedures. I don't doubt that. But Bridgeforth didn't know that she was the subject of this grievance. And therefore, as to her, I'm going to find it unexhausted. Now I understand you have facts to suggest that she knew she was the subject of the grievance. But I'm asking you to put those aside for a moment. Let's just assume that she didn't know. Would that be an appropriate reason to dismiss the case? It would not, because the underlying purpose is to provide the officials, the prison itself, the opportunity to remedy the situation. And so the specific individual... And then your view is that they said, they said, we find nothing here and we don't need any more information in order to do this. But their denial mirrored the grievance. He said floor staff, they said staff. So they can remedy a situation through discipline, through training, by providing some relief to the prisoners. And if they don't know who is involved, if there's no identification of staff, which truthfully, truly could be any employee of that prison, how are they going to provide any remedies? So Your Honor, the second level of appeal, you're correct, is not entirely clear. But the third level of appeal, and this is on, I believe, page 99 of the record, they clearly delineate between Defendant Vaughn, Mix-Harmon's mental health clinician, and floor staff. So at the third level, they are clearly understanding that there are three different individuals who are being referred to. And when you read the grievance, that makes sense. Because Mix-Harmon provides this narrative and says, I had a problem with Vaughn, because my assaulter handed a note to him. And then I told my mental health clinician. And I also told floor staff. And at that point... So I take it your argument is that since the prison at the third level or second level didn't say, we need more information about which floor staff you're complaining about, that this wasn't denied, this wasn't denied on a procedural ground by the prison. That's correct. So I still get back to the question I was asking you before. And I take it one of your clients did know. She complained to your client that a grievance had been filed. You also have this argument that it was an emergency and therefore exempted. And I take it you also have this argument, and this is the one I wanted to ask you about, that Bridgeforth prevented your client from knowing her name because she either didn't have a badge or covered it and wouldn't tell the name. That's correct. Does he have some obligation at least to say it was a female member of the staff? Does Harmon have? I don't want to use pronouns. I'm sorry. Does Harmon have an obligation to at least identify that this was a female member of the staff? So in Mix Harmon's declaration, this is page 61 of the record, they stated that they actually attempted to secure assistance from the appeals officer in identifying Bridgeforth, but was met with even more threats. So it's not just that Mix Harmon maybe could have provided some additional detail in the grievance. They tried to find out more information after submitting the grievance. But Harmon could have said, I don't know who this officer was, but it was, I mean, identifying, I don't know what the gender composition of the prison floor staff is, but my guess is there are fewer women than men. And identifying the person as a woman might have given some additional notice. It could have given some additional notice, Your Honor. But from the third level of appeal, it's clear that the appellate system understood that the grievance was referring to three different individuals. So I thought at the third level, the grievance officer determined that by that point, Harmon was adding additional staffers through the grievance process, and they weren't going to reach that. So I don't see how that means when he does not identify anybody, except in the most generic terms possible, and they respond with those terms. And they say your second level, we bypassed first level, second level was granted in that we launched an investigation in responding to your allegation about someone identified staff. We don't find that they violated policy. How does that mean that it was okay for him to then, when did he first name Bridgeforth in his complaint? I mean, it wasn't anywhere in the three levels of the grievances, was it? That's correct. Mixed Harmon did not ever identify Bridgeforth because they never knew Bridgeforth's name. And actually, the original version of the complaint referred to Bridgeforth as Bridgeport, because even at that point, Mixed Harmon had still been unable to determine Bridgeforth's name. And what Your Honor was referring to with respect to the issue of adding new issues on appeal, what the third level was addressing was the fact that Mixed Harmon raised allegations about the subsequent PREA investigation and had complaints about that process. And that's what the third level declined to address, not the underlying allegation about the floor staff that did appear in the initial grievance. So was he trying to add an allegation that during the various steps of the appeal, the appeals officers dealing with those grievances improperly processed his grievance because they dissuaded him from identifying the floor staff? Because he did come, there was more than three defendants in this. I mean, there were multiple people that he named at various places in his grievance process. Yes. The appeals officer who did not help identifying Bridgeforth was not named in the third level of the appeal. And that's not the subject of the grievance. The subject of the grievance was the PREA investigation, which is separate and is not at issue on appeal. I'd like, with Your Honor's permission, to turn briefly to Defendant Lewandowski. And here the issue is that Mixed Harmon has submitted evidence saying that they gave the third level of appeal the documentation that the third level had requested. And there's nothing on the other side contradicting that statement. But there is a procedure. See, when your appeal is canceled for, I'll use the word canceled here because I think it's used somewhere in the briefing, when your appeal is rejected because it's not in appropriate form, it hasn't identified anybody, you have a level of appeal from that decision. You can appeal, in effect, the cancellation of the appeal at the second level. And Harmon never did that. So I'd like to... So, you know, unlike the first one we're talking about where you went through all three levels of appeal, here there was an avenue left open to Harmon to challenge the rejection of the second grievance that Harmon never took advantage of. So I'd like to just clarify slightly, Your Honor. So first, the court below found that Lewandowski was adequately identified in the grievance. No, that's not the issue. The issue is that there were pieces of documentation that the third level requested from Mixed Harmon. Right. Mixed Harmon said in their declaration that they mailed in those four pieces of documentation. I understand all that. You're missing my question. That's what Harmon says. And if at the second level, if the appeals officer erred in rejecting it because of that reason, Harmon could appeal that decision. Everybody agrees about that. Harmon never appealed that decision. Indeed. And therefore did not exhaust the remedies available under the prison system. That's not quite accurate, Your Honor. The rejection for lack of documentation happened at the third level, not at the second level. So it was the final level where the grievance was repeatedly screened out. Mixed Harmon had no further remedy. And further, there's... The second grievance went to the third level? It did, yes. It went to the third level, and the third level screened it out twice. The first time, Mixed Harmon submitted the requested documentation. It was then screened out a second time. And your position is that screening is not appealable? The... The rejection of it for form is not appealable? If Mixed Harmon had been provided notice that the grievance had been canceled, which is what would result typically at the end of that process, then the cancellation decision itself would have been appealable. There is no evidence in the record, however, that Mixed Harmon was ever notified that that grievance was canceled. And I'd like to reserve the balance of my time for rebuttal. This Court should reverse. Thank you. Thank you. Mr. Wu, whenever you're ready. Thank you. Good morning, Your Honor. Oliver Wu for Defendants Appellees, and may it please the Court. This Court should affirm summary judgment in favor of defendants because Mixed Harmon did not properly exhaust their administrative remedies. Can I focus you on the second 1244? Sure. For a moment, because I want to make sure I understand the record. I read the rejection notices as saying Harmon could either refile the grievance or separately appeal its cancellation. Do I read them correctly? That's correct, Your Honor. And so under those circumstances, is it your position that Harmon had to do one of those two things that are to exhaust? Correct. So Mixed Harmon had to either resubmit with the supporting document or appeal the cancellation itself. Okay. Now, who could, since, am I right that it was cancelled? Was your friend right in saying it was cancelled at the third level? I'm sorry, Your Honor? Was it cancelled at the third level? That's correct. Who do you appeal to when something is cancelled at the third level? So you would appeal the cancellation itself starting from file a separate grievance to appeal the cancellation. And so to clarify, in this case, the grievance skipped the first level. It went straight to the second level response, which was handled by the prison warden's office, which is why they had the information in the supporting document. Right. And whether it was rejected correctly or incorrectly, I'm not worried about it at the moment. It goes to the third level and they reject it again for procedural reasons. The documents are not provided. And at that point, Harmon is supposed to file a new grievance that says, I'm grieving because you improperly rejected my grievance at the third level? Yes, Your Honor. There's no appeal for that? No. It would be a separate grievance entirely. They would have to file a new grievance saying they asked for a document they weren't supposed to ask for or I did, in fact, send them. And then Harmon says, I was never notified that the third level grievance was rejected for this reason because, it's sort of ironic, what I was seeking in the second level in this grievance was to be transferred and I'd already been transferred. What do we do with the absence of notice? Well, to clarify, just for the record, the second rejection notice was mailed to Mixed Harmon at their new facility. But even if we assume for purposes of summary judgment that they didn't receive it, the fact remains that they never submitted the original four documents. So whether or not they received the second rejection notice is somewhat beside the point because they never fixed any of the mistakes. Well, but Harmon says, I did fix them. I provided the documents they asked for but, and this was a pretextual rejection, and at least there's, I think there's at least a factual issue about that. Not entirely, Your Honor. So, Mixed Harmon argues, Mixed Harmon alleges in the declaration that they, and as they mentioned, that they provided these documents to an officer. But they used a Form 22 process, which is not part of the grievance process. Mixed Harmon is supposed to attach supporting documents to their grievance package and submit it that way. And the Form 22 doesn't demonstrate that. So you think the affidavit doesn't provide a question of fact on this because what the third level rejection said was they're still not in front of us in a proper form. It's, well, it's not a question, an issue of fact. It's more that Mixed Harmon themselves state that they used a Form 22 process. They point to the Form 22 to show they submitted these documents. But that's not proper. The Form 22 doesn't demonstrate... That's not the process. Exactly, Your Honor. And because that's not the process... Can we go back to grievance 0896 so we don't get confused on the numbers? On 0896, do you agree that it was not rejected by the prison officials for failure to name Bridgeforth? Correct. But the... So as a threshold matter, the grievance 0896 was not improperly processed. The district court was incorrect in finding that it was supposed to be processed as an emergency grievance. Well, so... But we... That's why I'm... We get to the end of the process on 0896. And the prison officials say, we reject it. Right. We don't find anything wrong. They don't say, as you just said, we find there's a procedural problem with it because you haven't named the unnamed floor staff. So let's assume for a moment that one of the purposes of the exhaustion thing is to put the eventual defendant in 1983 on notice. What do you do in this case with the declaration that Bridgeforth said to Harmon, stop... stop filing... stop filing grievances, or you'll find out what happens to people who file grievances in this prison. That was done, apparently, after 0896 was filed. I think it was probably done before 1244 was filed. But 1244 didn't complain about her at all. And so doesn't that at least show that she was on notice? Well, Bridgeforth's knowledge of the grievance is entirely beside the point. Well, if it's beside the point, then, then how can the district court throw it out because she didn't have knowledge? Well, I think... What I mean is Bridgeforth's knowledge of whether the grievance was filed and whether it referenced her is a bit of a red herring. Because the question is not whether Bridgeforth has knowledge of the grievance. It's whether the prison official processing the grievance has knowledge, have notice of the claim. And it seems to me the prison official is perfectly entitled to say, as they did with respect to 1244, give me more. You haven't given me enough to know about floor staff. Or is the prison official just saying, we don't care what floor staff said to you. That's not a grievance. Right. So the prison didn't know that Bridgeforth was involved in any way precisely because the grievance only referenced floor staff. And it's not clear who floor staff references. As the court mentioned, it could include not just correctional officers, but mental health and medical staff. But he, he says, Harman says more here. Harman says, I asked for assistance in identifying the floor staff. The particular floor staff member wouldn't tell me her name, put her hand over her badge. And when I asked at the second level if I could find out who it was, they discouraged me. I'm going to put aside the emergency grievance issue for a second. Why isn't that enough to put prison, to let prison officials not then go to the district court and say, gee, he should have told us who it was. Well, even if we accept that Bridgeforth hid their name and their rank, they're still identifying features about Bridgeforth such as her gender, her race, or even if setting those aside, even just the time of day or the day of the week that the interaction occurred. Now I'm getting back to what we started talking about. Is this, is this exhaustion to protect Bridgeforth or is it to protect the prison or is it to allow the prison to deal with the issue in the first place? It would be the second, to allow the prison to have notice of this claim. And the prison didn't say, that's my problem. Prison didn't say, gee, we don't have enough information to process this claim. The prison was perfectly content with rejecting it just on the basis of unnamed floor staff. Well, the fact that the prison didn't say that goes directly to how vague the grievance was and how it just simply didn't have any information. The grievance itself specifically named another officer. No, I understand there's flaws in the grievance and I understand that the prison could have said, tell us who the floor staff was. But they didn't say that. Are they required to do that? I mean, I'm sure vague grievances are not uncommon. And there are regulations that address what needs to be listed. A basis for the claim and the staff involved. Which did not happen here. The staff involved was not identified. Just a general reference to prison staff, floor staff. And they responded to that and said, we did an investigation, we didn't find a violation of rules. So, I guess a grievance against floor staff is conceivably exhausted. But what does that mean? And now he wants to later sue a specific individual. Without having ever grieved anything that this individual did. Or at least in a way that the prison could respond or identify it. That's correct, Your Honor. So, the reference to floor staff is simply to all incumbency for the prison to know. And the reason why the prison didn't go back and say, hey, we don't know who you're talking about or we want you to provide more information is because the grievance, grievance 896, all signs point to Officer Vaughn as the only individual responsible. And so, when the prison appeals office comes back and say, we find that staff have not broken any rules, it's referencing Officer Vaughn. How do we know that? Well, Officer Vaughn was the single person named. No, I understand that. But they didn't say, we find that Officer Vaughn didn't violate any rules. They said, there was a complaint about staff and they said, we've investigated, in effect. And we found that staff didn't violate any rules. Now, you're saying what staff means is one person. Well, the most natural reading of staff is... Most natural reading of staff is more than one person. Even if it was more than one, the grievance 896 specifically singles out not just Officer Vaughn, but also a mental health clinician that, a mental health staff that Ms. Harmon spoke to. Sure. Those are, but I want to get back to, let's assume for a moment the truth of Harmon's declaration that Bridgeforth prevented me from learning her name. Can she then argue in federal court that you should have named me? Sort of. That you should have named me? That's her argument in federal court. You should have named me. And Harmon says, gee, I would have named you had you not stuck your hand over your, over your badge and refused to give me your name. It seems a little unfair to her and for her in federal court to say, well, you should have named me. Right. Well, the California regulations provide an exception for such a situation when the prisoner doesn't have the individual's name. In Section 3084.2, California regulations instruct prisoners to provide as much identifying information as possible. And certainly Ms. Harmon could have provided, like I mentioned, the gender of race, time of day, or when they spoke with Officer Bridgeforth. And the fact that they didn't provide any of that information means that they didn't follow the proper... But you agree that wasn't the reason that the grievance was rejected? Well, that's the reason the grievance was rejected because they didn't find that it was, they didn't find it sustained as to Officer Vaughn. But the fact that the grievance didn't have any mention of Officer Bridgeforth didn't describe her in any way gave the prison simply no notice. The prison had no idea that Officer Bridgeforth was anywhere near this grievance. Can you make a separate argument that they didn't, in their briefs, that your friend didn't make today and it's about the emergency nature of the grievance which is that I'm about to be raped by my cellmate. Right. Does that excuse this from exhaustion? We do have some case law that says and you have some regs that say emergency grievances don't need to be exhausted. Right. So we don't agree that it was supposed to be an emergency but assuming that it was. Assume that what Harmon says is true. And in fact I think it turned out to be true. He was assaulted by or Harmon was assaulted by the cellmate. I'm about to be assaulted by my cellmate. Please do something. Why does that grievance have to be exhausted before one can bring a 1983 suit to complain about being assaulted by your cellmate? Right. So I have two responses. The first is that the grievance was signed by the cellmate on February 2nd. The assault happened a few days later but the prison grievance office didn't the prison didn't receive the grievance until February 9th. So because they waited too long it was no longer an emergency? Well because the prison didn't receive it until after the assault happened and by the time the prison received the grievance Max Harmon had already been physically separated from the cellmate and the TREA investigation was already underway. So the grievance was no longer an emergency then because because what he what Harmon was grieving about had already occurred. And so when I looked at the grievance there are date stamps several of them from when it's processed. There's a February 9th date stamp correct? And I read Harmon's declaration where he said I signed it or I was writing it or I submitted it but he doesn't say anything about when it was received. So I don't know that that's a factual dispute. I mean there's evidence that it was received February 9th and no countervailing evidence that it was received earlier that I that I found. Right. So there's no evidence demonstrating when Max Harmon submitted the grievance but even if we assume that they submitted it the day they signed it's still undisputed that the prison didn't receive it until the 9th. Well but see if it was submitted if you're assuming it was submitted on the day it was signed then do you agree that under prison regulations it should have been processed as an emergency? No Your Honor because the prison regulations require the grievance officials to determine if it's an emergency on the day starting from the day they receive the grievance. Well but it was who was it submitted to? I'm sorry Your Honor. Who was it submitted to? It's provided to it's provided usually in a drop box or provided to correctional officers. So if you have an emergency and you before an emergency is still in existence and you drop in your grievance into the drop box during the existence of the emergency then the prison is entitled to empty the drop box once a week and then say well the emergency is over because you've already been assaulted and they transferred you? Well the regulations actually tell prisoners and clarify that the grievance process is not an alternative to simply telling correctional officers or other prison staff that there is an emergency happening. But that's precisely what Harman says they did here. Harman said I called these people myself and said this guy's about to physically or sexually assault me and he said he's going to do that and Harman says they said tough luck buddy suck it up and you know and then it happens and now the prison says well but we didn't take your you should have what should Harman have done in order to get themselves heard. That's true your honor but whether the correctional officers officer Vaughn ignored the request for help is still to be litigated there are still defendants Well but it can't be litigated you're saying because it wasn't exhausted. No your honor officer Vaughn is still in the lawsuit and officer Vaughn we did not get some Sorry officer Vaughn as to if it's an emergency you agree it doesn't have to be exhausted correct and so the failure to exhaust it as to officer Bridgeforth would not be a defense if this were an emergency correct if if it was an emergency and it needed to be what I'm saying is that I'm not sure what more Harman could have done other than call the officers to the cell say please get me out of here submit you know submit the thing while the emergency still exists and then the prison says well it's over so this is no longer an emergency what you complained about actually happened well the problem with officer Bridgeforth is because they didn't identify them in the grievance if they had identified officer Bridgeforth in the grievance then they would have exhausted and could proceed well but let me give you I want to give you one counterfactual let's assume that the that Vaughn recognizes that this should be processed as an emergency that this is an emergency so it doesn't have to be exhausted and the grievance is exactly the same as it as it was now I understand he wouldn't Harman wouldn't have been if they had done it Harman wouldn't have been right but but just take that counterfactual thing are you saying that under those circumstances Harman should have done something more as to Bridgeforth there was no exhaustion as to Bridgeforth they should have identified Bridgeforth in the so you're saying even it wasn't even if it was an emergency the failure to identify Bridgeforth prevents him from suing Bridgeforth correct your honor because they didn't identify Bridgeforth in the grievance many sort of remedies excuse me are not exhausted as to my difficulty is that your regs say and you say you don't have to exhaust if there's an emergency there's no reason to exhaust if there's an emergency how do the regs play against each other you have a reg that requires certain information in the grievance and then there's timelines setting aside whether this was actually an emergency whether there are any factual disputes about when it was received so even if you have an emergency does that mean you don't have to follow the other regs and identify your claim or the staff involved even if you have an emergency that requires requires the prison to respond to it in a more in a faster timeline but and let's assume that the prison was supposed to do that and didn't do that but even then under Fordley they still have to McCarmon still has to adequately identify Officer Bridgeforth as someone responsible in for the allegations in the grievance in Fordley the prisoner accused four prison officials four correctional officers of using excessive force and the prison delayed and made the grievance process unavailable and so the exhaustion requirement was excused as to those four prisoners but that mistake in processing a grievance didn't make administrative remedies unavailable as to a related claim against the warden because the warden wasn't named or identified in any way in the grievance and the same is true here so even if we assume that grievance in that case they also didn't exhaust remedies I'm sorry your honor in that case in Fordley if I'm saying the name right Fordley yes they didn't they didn't actually exhaust they didn't go to the third level of exhaustion correct they didn't have there was just a non-exhaustion issue but I think your point George is that if if the grievance was to be treated as an emergency but there's no grievance against Bridgeforth there's a grievance against Vaughan and generically staff why would that be different from Fordley where the grievance against the warden was not in the what was deemed to be an unexhausted grievance I mean it was unexhausted but not as to a person who was never identified in the grievance I mean I think that's the problem right so Fordley is exactly is precisely on point oh it's not in this sense the warden in Fordley says I had no idea anybody was there do you think Fordley comes out the same way if the warden says gee I knew I knew about all this stuff but they didn't name me so ha ha ha I mean the warden I wrote the dissent in Fordley and I don't think there's anything in that record that says the warden knew or didn't know I mean it just was not grieved there was no claim against the warden and by the way the warden is a much easier person to identify that's one individual right as opposed to some staffer so you know we were taking a long way over time so we have it will give you like a second just to wrap up and then Mr. oh excuse me Chabut had a couple minutes a minute and a half I believe left so to just very briefly answer the the fact that Bridgeforth wasn't named is the fact that whether Bridgeforth knew was beside the point because an individual always knows what they're being accused of and so the question is whether the prison knew and so  reason so this requirement is to protect the prison not Bridgeforth to give the prison notice correct and so defendants request that the court  this request thank you um your honor I'd like to begin with the discussion about the emergency processing  which I think is a critical piece of this so my colleague has implied that the department had discretion to not process Mix Harman's grievance against Bridgeforth and Vaughn as an emergency but that's actually incorrect under the department's regulations I don't care about that let's assume that they didn't have they should they should have processed it right away what your friend is saying is that the grievance as to Bridgeforth was still insufficient they could have processed it right away investigated it as to Vaughn and the other named people but they didn't have any basis to investigate what Bridgeforth had done because you failed to identify her so your honor there are two issues with that first of all exhaustion has two different two requirements so first there's the existence of the first prong isn't satisfied so if the first prong isn't satisfied then the fact that it was not properly exhausted cannot be outcome dispositive but separately the case law doesn't go to the second step of assessing whether exhaustion was actually satisfied and I think Fordley is pretty instructive here so there the initial grievance in Fordley was actually missing it wasn't in the record and so there was no way to determine whether the four individual defendants had actually been named in that grievance but Fordley admitted that the grievance said nothing about the grievance about anything else and Bridgeforth herself knew that the grievance was about her can I ask you a question that may not be dispositive but it interests me your suit against Vaughn remains correct do you have any why do you really care whether Bridgeforth is added as a defendant in this case it seems to me if you  win against Vaughn you wouldn't have won against Bridgeforth and neither of them is going to pay the judgment if you win why are we here your honor if you look at  the specific conduct that's described as to Bridgeforth and Mix Harman's declaration you'll see that there's a real callous disregard for the danger that Mix Harman was in and so I do think that there is a different and how a jury would perceive potentially the conduct between Vaughn and Bridgeforth thank you thank you your honors the case is submitted and we are in recess all rise this court for this session stands adjourned
judges: O'SCANNLAIN, HURWITZ, BADE